OAKES et al. v. YONAH LAND & MINING CO. et al.

(Circuit Court, N. D. Georgia. April 11, 1898.)

1. CANCELLATION OF MORTGAGE—NECESSARY PARTIES.
To a suit for the cancellation of a mortgage on the ground of fraud the mortgagor is a necessary party.

2. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—SUIT TO CANCEL MORTGAGE.
In a suit in equity in a state court to cancel a mortgage alleged to be fraudulent, and to have been executed through collusion between the mortgagor, a citizen of the same state as plaintiff, and the mortgagees, citizens of a different state, where both mortgagor and mortgagees have by their answers asserted the validity of the mortgage, there is no separable controversy between the plaintiff and the mortgagees which entitles the latter to remove the cause.

On Motion to Remand.

H. H. Perry, for complainants.
Dean & Dean, for defendants.

NEWMAN, District Judge. This is a motion to remand. The plaintiff, a citizen and resident of this state, filed its petition in the superior court of White county, Ga., against the defendant company, a Georgia corporation, in which it was alleged that the affairs of the defendant company were being mismanaged, that the product of the mines was being misappropriated, and that a pretended mortgage had been executed by the defendant company to H. E. Young, the president of the company, and J. F. Redding, a director in said company, both of the latter being citizens of the state of South Carolina. A receiver was asked for, and one was appointed by the state court. Subsequently, by an amendment filed in the state court, Young and Redding were made parties defendant, renewed charges were made as to the fraudulent character of the mortgage, and asking that the same be canceled as a cloud upon the title and property of the defendant company. Young and Redding answered, as did the defendant company. Soon after answering, they endeavored to remove the case to this court, on the ground of diverse citizenship and separable controversy. The state court refused to sanction the removal, and thereupon Young and Redding caused a copy of the record to be made up, and filed the same in this court.

The question presented for determination on the motion to remand is whether there is a separable controversy between Young and Redding, on the one side, and Oakes, Henderson & Co., on the other, as to the validity of the mortgage executed by the defendant company to Young and Redding. It is not denied in the argument that, in order to make the question as to the validity or invalidity of the mortgage, the mortgagor is a proper party and a necessary party. It has been so held in this court, and the correctness of that ruling is not questioned. Marsh v. Railroad Co., 53 Fed. 158, and the cases there cited. It is said, however, by counsel for Young and Redding, that, while the Yonah Land & Mining Company may be a necessary party to the effort to set aside and cancel this mortgage, this court will endeavor in removed cases to arrange the parties with

reference to their respective interests, and place them on their proper side of the litigation, and will therefore place the Yonah Land & Mining Company on the side of the plaintiffs, as their interests are against the validity of the mortgage. The difficulty about this contention is that the theory of the plaintiffs' case is that there was collusion and fraud between the Yonah Land & Mining Company and Young and Redding in the execution of the mortgage, and that both the company and Young and Redding have accepted the issue thus tendered, and have by their answers asserted the validity of the mortgage, and that it was fairly and honestly made. So that, according to the case made by the plaintiffs of collusion and fraud between the defendant company and Young and Redding, and the denial of the same by the defendant company, it is placed, necessarily, in the litigation, and on the issue thus raised, on the side of Young and Redding. If the defendant company had joined with the plaintiffs under some claim that the mortgage was improperly obtained from it, and had asserted its invalidity, then the contention here, that its interest was with the plaintiffs, might be sustained. But, on the issue as made up and presented for trial by the pleadings, it is aligned on the side of Young and Redding. Believing, as I do, that the defendant company is a necessary party to the issue thus presented, and that its interests are with Young and Redding, removal is not justified under the act of congress. Having this view of the case, an order will be entered remanding the case to the state court from which it was removed.